IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES E. HOLT,

   Plaintiff,        Case No. C2-05-894

  -vs-            JUDGE SARGUS

STATE OF OHIO & DEPT,     MAGISTRATE JUDGE KEMP
OF YOUTH SERVICES, *et al.*,

   Defendants.

## OPINION AND ORDER

  This matter is before the Court on the two Motions to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendants, the State of Ohio, Ohio Department of Youth Services ("ODYS"), and the Ohio Civil Service Employees Association, AFSCME Local 11, AFL-CIO ("OCSEA" or the "Union"). For the reasons that follow, the Motions are granted with respect to the current Complaint. Plaintiff, however, is granted leave to file an Amended Complaint to name state officials in their official capacity and to seek only the prospective equitable relief of reinstatement as to his claims under the Age Discrimination in Employment Act, the Family and Medical Leave Act and 42 U.S.C. § 1981.

**I.**

  This employment discrimination action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, the National Labor Relations Act ("NLRA"), 29 U.S.C. § 301 [§ 185], the Family and Medical Leave Act ("FMLA"), 28 U.S.C. § 2612, 42 U.S.C. § 1981, the Eighth and Fourteenth Amendments to the United States Constitution

and various state law claims brought pursuant to the Court's supplemental jurisdiction. Plaintiff, James Holt, asserts that he was wrongfully terminated by ODYS as a result of discrimination. As for his claims against the Union, Plaintiff alleges that OCSEA violated his right to make and enforce contracts under 42 U.S.C. § 1981 along with state law claims for infliction of emotional distress, breach of contract and promissory estoppel. Plaintiff's Complaint, fairly read, also asserts that the Union breached its duty of fair representation it owed to him under Ohio Rev. Code § 4117.12.

Plaintiff is an African-American male who is over forty years old. He was hired by the ODYS as a corrections officer on December 18, 1977. He was transferred to the Circleville Juvenile Correction Facility on July 17, 2000. On January 23, 2004, Plaintiff was accused of using excessive force on a juvenile inmate. On January 27, 2004, Plaintiff was put on paid administrative leave after an investigation conducted by an ODYS employee concluded that Plaintiff physically struck the juvenile inmate.

Plaintiff alleges that he was approved for disability due to high blood pressure on February 9, 2004. Plaintiff's Complaint does not specify by whom his disability was approved, nor does he provide any documentation from his former employer or any other agency regarding the approval for disability. On March 24, 2004, Plaintiff was terminated from his employment with ODYS as a result of the allegations of excessive force.

Plaintiff filed a grievance over his termination and the matter proceeded to arbitration. The arbitrator affirmed Holt's termination and denied his grievance.

Plaintiff also filed a charge of age discrimination before the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC"). On his charge form, Plaintiff alleged only age discrimination, and the OCRC's investigation, findings and dismissal related only to Plaintiff's claims of age discrimination. Plaintiff's Right-to-Sue letter from the EEOC

indicates that his charge was related only to age discrimination. (Def's Exh. C.)

Plaintiff filed a Complaint with this Court naming the State of Ohio, ODYS and OCSEA demanding damages in excess of $10,000,000.00. Plaintiff has not named any individual officers of the State of Ohio. Defendants seek to dismiss Plaintiff's Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6), asserting that this Court lacks jurisdiction over each cause of action. In particular, Defendants, the State of Ohio and ODYS, contend that Plaintiff's ADEA, ADA, FMLA, § 1981, and state law claims are barred by sovereign immunity under the Eleventh Amendment to the United States Constitution. Further, Defendants contend that Plaintiff's ADA and Tile VII claims should be dismissed because he did not allege discrimination based on his disability or membership in a protected class under Title VII with the OCRC or EEOC and therefore did not exhaust his administrative remedies. All Defendants, including OCSEA, also assert that Plaintiff's claims based on the NLRA should be dismissed because neither the State of Ohio nor the ODYS qualifies as an "employer" under that Act. As for his claims against the Union, OCSEA asserts that Plaintiff's claim under § 1981 fails as a matter of law because Plaintiff cannot show that he is a party to any contract which is subject to this civil rights statute. OCSEA also contends that Plaintiff's remaining claims are preempted by the state collective bargaining statute, Ohio Rev. Code Chapter 4117.

## II.

Federal Rule of Civil Procedure 12(b)(6) permits a defendant, by motion, to raise the defense of a plaintiff's "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim pursuant to Federal Rule 12(b)(6) "should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court is authorized

to grant a motion to dismiss under 12(b)(6) only where it is "clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Federal Rule of Civil Procedure 12(b)(1) provides that every defense, in law or fact, to a claim for relief in any pleading shall be asserted in the responsive pleading thereto if one is allowed, but that the defense of lack of jurisdiction over the subject matter may at the option of the pleader be raised by motion.

Finally, Federal Rule of Civil Procedure 12(h)(3) provides that whenever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter of an action, the Court shall dismiss the action.

### III.

Plaintiff makes no allegations against OCSEA in Count I for age discrimination, Count V for bad faith in the breaching of an employment contract, or Count VI for discharge in violation of public policy. The Court, therefore, turns to Plaintiff's claims against the State of Ohio and ODYS, and addresses Plaintiff's claims against OCSEA with those against the State as they concurrently arise.

#### A.    Age Discrimination in Employment Act ("ADEA")

Plaintiff alleges in his Complaint that Defendant, ODYS, discriminated against him by treating him differently than similarly situated younger employees because of his age in violation of the ADEA. Defendants counter that, under *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000), the State of Ohio and ODYS, as an agency or arm of the State, are immune from suit in federal court under the ADEA, and that Plaintiff's ADEA claim must therefore be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Plaintiff argues that, under *Kimel*, the question is

whether Congress, when enacting the ADEA, intended to abrogate the States' immunity. Plaintiff argues that because the Supreme Court *Kimel* concluded that the ADEA does contain a clear statement of Congress' intent to abrogate the States' immunity, then the State of Ohio and ODYS may be sued under the ADEA. Plaintiff misapprehends the holding of *Kimel*.

The ADEA makes it unlawful for an employer, including a State, "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). *Kimel* plainly holds that the states cannot be sued for money damages under the ADEA. Plaintiff correctly cites *Kimel* for the proposition that the ADEA contains a clear statement of Congress' intent to abrogate the states' immunity to claims under the statute. 528 U.S. at 73. Plaintiff, however, fails to perceive the Court's further holding, that the abrogation exceeded Congress' authority under § 5 of the Fourteenth Amendment. *Id.* at 82-83. In so holding, the Court adhered to its precedent in *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996), in which it concluded that Congress' authority under Article I of the Constitution does not include the power to subject the states to suits brought by private individuals. In sum, the Court held that Congress' attempt to abrogate the states' immunity under the ADEA exceeded its authority under § 5 of the Fourteenth Amendment and was thus invalid.

Under *Kimel*, the State of Ohio may not be sued in federal court for monetary damages under the ADEA. The Court lacks subject matter jurisdiction over Plaintiff's claim under the ADEA, to the extent he seeks monetary damages.

Plaintiff also demands in his Complaint, however, that the Court "permanently enjoin ODYS ... from engaging in or continuing practices, policies, customs and usages shown to be violative of public law. . . ." (Compl., Relief, ¶ d.) Plaintiff also requests reinstatement. (*Id.*, ¶¶ e-f.) The

ADEA itself allows this Court "to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment [or] reinstatement." 29 U.S.C. § 626(b). Private individuals may sue or injunctive relief to enforce the standards of the ADEA under *Ex parte Young*, 209 U.S. 123 (1908). *Meekison v. Voinovich*, Case No. 98-4107, 2003 WL 21418243 (6th Cir. June 18, 2003) (unreported). "Neither *Kimel*, nor Eleventh Amendment jurisprudence, prevents individuals . . . from obtaining injunctive relief against a state based upon the ADEA pursuant to *Ex parte Young*. . . . " *State Police for Automatic Ret. Ass'n. v. Difava*, 317 F.3d 6, 12 (1st Cir. 2003).

In order to qualify under *Ex parte Young*, however, Plaintiff must seek prospective relief to end a continuing violation of federal law. *Carten v. Kent State Univ.*, 282 F.3d 391, 395 (6th Cir. 2002). Claims for reinstatement are prospective in nature and "appropriate subjects for *Ex parte Young* actions." *Id.* at 396. Plaintiff, however, must seek *Ex parte Young* relief against the individual state officials in their official capacities whom he claims are responsible for violating his rights under the ADEA. *See id.* (explaining necessity of naming individual officers in *Ex parte Young* action to enforce the ADA).

Accordingly, Plaintiff's claim under the ADEA for monetary damages against the State of Ohio and ODYS is dismissed. Plaintiff may, if he so chooses, amend his Complaint to assert an equitable claim under *Ex parte Young* for reinstatement against individual state actors in their official capacities.

**B.     Americans with Disabilities Act ("ADA")**

Plaintiff alleges a claim in his Complaint for a violation of the ADA. Defendant similarly contends that Plaintiff's ADA claim should be dismissed because it is barred by sovereign immunity.

The ADA proscribes discrimination on the basis of disability. The Supreme Court, however, in *Board of Trustees, Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 (2001), held that the Eleventh Amendment bars claims under the ADA for monetary damages against the states and their agencies. The Court of Appeals for the Sixth Circuit has since confirmed that the State of Ohio is entitled to sovereign immunity for claims arising under the ADA. *E.g. Robinson v. Univ. of Akron Sch. of Law*, 307 F.3d 409 (6th Cir. 2002). The Court therefore concludes that this claim must also be dismissed for lack of subject matter jurisdiction insofar as he seeks monetary damages.

The Supreme Court in *Garrett* expressly limited its holding to claims for monetary damages. 531 U.S. at 374 n.9 (noting its holding "does not mean that persons with disabilities have no federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under *Ex parte Young* . . . .") Construing his Complaint broadly, Plaintiff arguably seeks injunctive relief as it relates to his claim under the ADA, although, again, he has not named an individual state official. The Court notes, however, that Plaintiff does not address Defendant's arguments with respect to sovereign immunity for his ADA claim. The Court therefore concludes that Plaintiff has abandoned any claim he may have intended to raise under this provision of law. Moreover, as set forth *infra*, Plaintiff's ADA fails for the additional reason that he did not exhaust his administrative remedies as it relates to any alleged claim under this statute.

C.   **Family and Medical Leave Act ("FMLA")**

Plaintiff also asserts a claim under the FMLA. The FMLA entitles "eligible employees" to a total of twelve weeks of unpaid leave during any twelve-month period for any one of the following:

| | |
|---|---|
| (A) | Because of the birth of a son or daughter of the employee and in order to care for such son or daughter. |
| (B) | Because of the placement of a son or daughter with the employee for adoption or foster care. |
| (C) | In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition. |
| (D) | Because of a serious heath condition that makes the employee unable to perform the functions of the position of such employee. |

29 U.S.C. §2612(a)(1).

The State-Defendants contend, and Plaintiff does not dispute, that Plaintiff's FMLA claim is premised on subsection (D), the "self-care" provision of the statute. Indeed, in Plaintiff's Complaint, the only factual allegations that support his claim under the FMLA relate to his own health, and include such facts regarding his approval for disability for high blood pressure and that, because of this disability, he was not physically able to attend his first pre-disciplinary hearing.

ODYS argues that Plaintiff's FMLA self-care claim must be dismissed, again on the basis of sovereign immunity. ODYS contends the Sixth Circuit has held that the states and their agencies enjoy Eleventh Amendment immunity from FMLA "self-care" claims.

The Supreme Court held, in *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721 (2003), that state employees may recover money damages in federal court in the event of the state's failure to comply with the FMLA's family-care provision, 29 U.S.C. § 2612(a)(1)(C). *Hibbs*, 538 U.S. at 725. The Court held that Congress acted within its authority when it sought to abrogate Eleventh Amendment immunity for purposes of the family-care provision of the FMLA. *Id.* at 730. The Court noted that significant evidence of a long and extensive history of gender discrimination by the states with respect to the administration of leave benefits supported Congress' enactment of the FMLA. *Id.* at 735.

The Court of Appeals for the Sixth Circuit has distinguished *Hibbs* in the context of the "self-care" provisions of the FMLA. In *Touvell v. Ohio Dep't of Mental Retardation & Dev. Disabilities,* 422 F.3d 392, 400 (6th Cir. 2005), the court held that private suits for damages may not be brought against states for alleged violations of the self-care provision of the FMLA, 29 U.S.C. §2612(a)(1)(D). The *Touvell* court emphasized that the Supreme Court's analysis in *Hibbs* turned on the gender-based aspect of the FMLA family-care provision and the need to eradicate corresponding discrimination. Unlike the family-care provision of the Act, Congress had noted no historical discrimination associated with leave for self-care. *Id.* at 399 (quoting *Brockman v. Wyoming Dep't of Family Servs.,* 342 F.3d 1159, 1164 (10th Cir. 2003)). The *Touvell* court held that Congress had noted no similar discrimination against employees taking leave for their own medical problems. This Court is bound to follow *Touvell*.

Plaintiff's cause of action under the FMLA relates exclusively to his own medical treatment and arises under the self-care provisions of the Act. He sets forth no facts or allegations his Complaint related to care of a family member. Plaintiff has pleaded no factual allegations, and no inferences may be drawn to suggest that the FMLA time he purportedly sought related to anything other than self-care. Accordingly, Plaintiff's FMLA claim for monetary damages is dismissed for lack of subject matter jurisdiction.

Even though Plaintiff's claim against the State Defendants is barred by the Eleventh Amendment, he may maintain an FMLA claim suit for prospective injunctive relief against a state official under *Ex parte Young*. *Hibbs,* 538 U.S. at 759 ("It bears emphasis that, even were the Court to bar unconsented federal [FMLA] suits by private individuals for money damages from a State, individuals whose rights under the Act were violated would not be without recourse. . . . [P]rivate individuals may bring actions against state officials for injunctive relief under *Ex parte Young*. . .

.")(Kennedy, J., dissenting).[1]  Again, if Plaintiff chooses to amend his Complaint to assert prospective injunctive relief against the state official allegedly responsible for violating the FMLA, he may do so. He will not, however, be entitled to monetary damages.

**D.     42 U.S.C. § 1981**

In Count III, Plaintiff purports to assert a claim against both ODYS and OCSEA for a violation of § 1981. In particular, Plaintiff asserts that ODYS and the Union violated his right to make and enforce contracts secured by the Constitution of the United States and enforced under § 1981. Plaintiff alleges with respect to his § 1981 claim:

> Defendant[s]' actions have violated Plaintiff's right to make and enforce contracts to the full and equal benefit of all laws and proceedings for the security of persons and property as it is enjoyed by the citizens under forty (40) years old and as secured to him by the constitution of the United States of America and enforced through 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

(Compl., ¶ 55.)

As it relates to the State of Ohio and ODYS, in *Hafford v. Seidner*, 183 F.3d 506 (6th Cir. 1999) and *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000), the Sixth Circuit has held that the states and their agencies are immune from suits in federal court arising § 1981. Therefore, to the extent Count III of Plaintiff's Complaint sets forth a claim under § 1981 for monetary damages against ODYS as an arm of the State of Ohio, this claim must be dismissed.

Although Plaintiff does not contest or even address the State-Defendants Motion to Dismiss

---

[1] Because it found that the Eleventh Amendment does not bar a family-care claim under the FMLA, the Supreme Court did not address whether *Ex parte Young* relief would be available under the statute. The fact that *Ex parte Young* relief is accessible under statutes like the ADA and the ADEA persuades this Court that similar relief is available for self-care claims the FMLA that are otherwise barred by the Eleventh Amendment. *See Hibbs v. Department of Human Resources*, 273 F.3d 844 (9th Cir. 2001) (plaintiff in FMLA action could maintain action for prospective injunctive relief against his supervisors in their official capacities, under *Ex parte Young*), aff'd *Hibbs*, 538 U.S. 721.

his § 1981 claim, the Court will permit him to amend his Complaint to assert an *Ex parte Young* claim for reinstatement under the statute as against an individual state actor in his or her official capacity.

With respect to the OCSEA, Plaintiff fails to allege that any contract existed as to which he was a party. OCSEA points out that Plaintiff is not a party to the Collective Bargaining Agreement ("CBA") between the State of Ohio and OCSEA. As such, the OCSEA contends that it could not have interfered with Plaintiff's ability to contract in violation of § 1981. Although he does not specifically address § 1981, Plaintiff counters that he was a dues-paying member of the OCSEA and he obtained all the contract rights and benefits of the agreement between AFSCME and OCSEA.

Section 1981 protects the equal right of "[a]ll persons within the jurisdiction of the United States" to "make and enforce contracts" without respect to race. 42 U.S.C. § 1981(a). The statute currently defines "make and enforce contracts" to "includ[e] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." § 1981(b). The right defined in the statute is one "to give and receive contractual rights on one's own behalf." *Domino's Pizza v. McDonald*, 126 S.Ct. 1246, 1249 (2006). "Any claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship, § 1981(b), under which the plaintiff has rights." *Id.* "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Id.* at 1250.

Plaintiff has failed to allege that he was a party to a contract or that he sought, but was prevented, to enter into a contractual relationship. Plaintiff does not have a claim under § 1981 to the extent he is seeking to make or enforce a contract under which someone else, in this instance,

-11-

OCSEA, has rights. For these reasons, Plaintiff's claim under § 1981 against OCSEA is dismissed.

E.  **Exhaustion – ADA and Title VII**

The Court next turns to the issue of whether Plaintiff's ADA[2] and Title VII claims against ODYS are barred because he did not exhaust his administrative remedies. ODYS contends that Plaintiff never alleged discrimination on the basis of race, disability, or any other protected class so as to support his assertion that he has exhausted his claim under Title VII.

When Plaintiff filed his charge of discrimination with the OCRC, he asserted discrimination exclusively on the basis of age. (See Def's Exhs. A & B, Charge Form and Right- to-Sue Letter.)[3] His Right-to-Sue Letter indicates his charge was related to age discrimination only and that his right to file a lawsuit arose under the ADEA. (Def's Exh. C.) Plaintiff has therefore failed to exhaust his administrative remedies and the causes of action under Title VII and the ADA must be dismissed.[4]

---

[2]  Although the Court has already disposed of this claim, Plaintiff's claim under the ADA should be dismissed for the additional reason that he did not exhaust his administrative remedies.

[3]  Upon reviewing a motion to dismiss, a court ordinarily may not consider matters outside the pleadings. Documents attached to a motion to dismiss are considered part of the pleadings, however, "if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *overruled on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002). Moreover, each of the documents is a public record appearing in the record of this case. As matters of public record, the Court may take these documents into account on this motion to dismiss without converting it to one for summary judgment by considering matters outside the pleadings. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) ("'In determining whether to grant a 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'" (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997))); *see also* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990). Plaintiff asserts that he exhausted his administrative remedies and refers directly to his OCRC charge and Right-to-Sue letter in his Complaint. (Compl., ¶¶ 9-11.) These documents are therefore central to Plaintiff's claims and public records which the Court may properly consider without converting the Motion to one for summary judgment.

[4] Again, Plaintiff failed to address these claims from which the Court may only conclude that he agrees with Defendant's exhaustion arguments.

F.  **National Labor Relations Act ("NLRA")**

Plaintiff also apparently seeks to assert a claim under NLRA against ODYS and OCSEA. Plaintiff's allegations in this regard are unclear, except to the extent that he asserts that his claims generally are brought, *inter alia*, pursuant to the NLRA, 29 U.S.C. § 301. (Compl., ¶ 1, Prelim Statement.) Plaintiff broadly asserts that the Labor Management Relations Act, and in particular, 29 U.S.C. § 185, permits his lawsuit in any district court for violations of contracts between employers and labor organizations representing employees.[5]  Defendant contends that the NLRA is inapplicable to the State of Ohio and ODYS because they are not "employers" within the meaning of the Act. Similarly, OCSEA contends that it is not a "labor organization" under the NLRA.

The term "employer" is defined in the NLRA as "any person acting as an agent of an employer, directly or indirectly, but shall not include the United Sates or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof. . . ." 29 U.S.C. § 152(2). The State of Ohio is not an employer under the NLRA. As the Sixth Circuit held in *Kentucky River Community Care, Inc. v. NLRB,* 193 F.3d 444, 450 (6th Cir. 1999) (citing *NLRB v. Natural Gas Util. Dist.*, 402 U.S. 600, 604-05 (1971)) an entity is exempt from the NLRA if it is created directly by the state, so as to constitute a department or administrative arm of the government. ODYS is an agency created under Ohio Revised Code Chapter 5139, and therefore

---

[5] The NLRA provides as follows in this regard:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185.

is not an employer under the NLRA.

It follows that the NLRA does not apply to OCSEA. The NLRA defines a "labor organization" as follows:

> Any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of *dealing with employers* concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of employment.

29 U.S.C. § 152(5)(emphasis added). Because the State of Ohio is not an employer under the NLRA, and OCSEA exists only for civil service employees of the State of Ohio, OCSEA is not a labor union for purposes of the NLRA. Instead, all grievances and matters relating to OCSEA's members' conditions of employment are subject to the jurisdiction of the State Employment Relations Board. *See Franklin County Law Enforcement Ass'n v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167, 572 N.E.2d 87 (Ohio 1991)("[W]e hold that SERB has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117.").

Because the NLRA specifically excludes political subdivisions and, by implication, their associated labor unions, Plaintiff's claim under the NLRA must be dismissed.

**G.     Eighth Amendment**

Plaintiff alleges a cause of action under the Eighth Amendment to the United States Constitution. The Eighth Amendment and its proscriptions against cruel and unusual punishments do not apply in the civil context, but rather relate only to individuals convicted of crimes. *Ingraham v. Wright*, 430 U.S. 651 (1977). Plaintiff has failed to state a claim under the Eighth Amendment, and this cause of action is therefore dismissed.

### H. State Law Claims Against the State of Ohio and ODYS

Plaintiff's state law claims against State of Ohio and ODYS are barred by the Eleventh Amendment. The Eleventh Amendment precludes federal jurisdiction over state law claims against state defendants that have not consented to suit in federal court. *Raygor v. Regents of the Univ. Of Minn.*, 534 U.S. 533, 542 (2002). Ohio has not consented to be sued in federal court. Ohio Revised Code §2743.02. Ohio has not consented to permit its agencies to be sued in federal court. *Stein v. Kent State Univ. Bd. of Trustees*, 994 F. Supp. 898, 902-03 (N.D. Ohio 1998). Because the Court lacks jurisdiction over them, Plaintiff's state law claims are consequently dismissed.

### I. Preemption of Counts II, IV and VII as to OCSEA

OCSEA contends that Plaintiff's state law claims for infliction of emotional distress, bad faith in the breach of a contract and promissory estoppel are preempted by the Public Employees' Collective Bargaining Statute, Ohio Rev. Code § 4117.01 *et seq*. OCSEA also maintains that Plaintiff's claims against it are, at bottom, a single allegation for a breach of the duty of fair representation in violation of Ohio Rev. Code § 4117(B)(6).

Plaintiff alleges that "Defendants owed a duty to Plaintiff" and that "OCSEA's fail[ed] to competently represent Plaintiff" which proximately caused him damages. (Compl., ¶¶ 46, 62, 63, 79.) Although couched as various state law claims, a plain reading of his Complaint reveals that Plaintiff is asserting that the Union breached its duty to fairly represent him.

Ohio Rev. Code § 4117.10(A) provides that a collective bargaining agreement between a public employer and the bargaining unit "governs the wages, hours, and terms and conditions of public employment covered by the agreement." That section further provides that "[i]f the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure." Therefore, Ohio Rev. Code

§ 4117.10(A) clearly provides that the collective bargaining agreement controls all matters related to the terms and conditions of employment and, further, when the collective bargaining agreement provides for binding arbitration, Ohio Rev. Code § 4117.10(A) recognizes that arbitration provides the exclusive remedy for violations of an employee's employment rights. *See, generally, Oglesby v. City of Columbus*, Franklin App. No. 00AP-544, 2001 WL 102257 *4 (Ohio Ct. App. Feb. 8, 2001).

The failure of an employee organization, its agents or representatives to fairly represent all public employees to in its bargaining unit is an unfair labor practice in violation of Ohio Rev. Code § 4117.11(B)(6). A complaint based on "conduct which actually or arguably constitutes an unfair labor practice under R.C. Chapter 4117 is subject to the exclusive jurisdiction of [the State Employment Relations Board ("SERB")]." *Gunn v. Board of Educ. of Euclid City School Dist.*, 51 Ohio App. 3d 41, 43, 554 N.E.2d 130, 133 (Ohio Ct. App. 1988). *Gunn* also holds that claims alleging that a union breached its duty of fair representation are within the exclusive jurisdiction of the SERB. *Id.* at 44. It is well recognized that SERB is vested with exclusive initial jurisdiction over claims brought by public employees pursuant to § 4117. *See Holloman v. Greater Cleveland Reg'l Transit Auth.*, Case No. 90-3473, 1991 WL 54885, *3 (6th Cir. April 12, 1991)(unreported); *Franklin County Law Enforcement Assoc. v. Fraternal Order of Police*, 59 Ohio St.3d 167, 170, 572 N.E.2d 87 (Ohio 1991). A public employee is any person employed by a public employer. Ohio Rev. Code § 4117.01(C). To the extent Plaintiff intended to plead a cause of action for an unfair labor practice against OCSEA for breach of the duty of fair representation, that matter belongs exclusively with SERB.

To the extent Plaintiff's claims stand alone as common law causes of action independent of any claim he may have for breach of the duty of fair representation, they are preempted. State-law

-16-

claims are preempted in two situations: (1) if the state claim is founded on rights created by collective bargaining agreements; or (2) if the rights are created by state law but the application of the law is dependent on an analysis or interpretation of a collective bargaining agreement. *Sinea v. Denman Tire Corp.*, 135 Ohio App.3d 44, 732 N.E.2d 1033 (Ohio Ct. App. 1999)(discussing preemption under Section 301 of LMRA); *see also Gudin v. Western Reserve Psychiatric Hosp.*, Franklin App. No. 00AP-912, 2001 WL 664389, *3-*4 (Ohio Ct. App. June 14, 2001)(unreported)(discussing preemption analysis in context of public employees' state law claims).

Plaintiff's claims against OCSEA are founded on and require an interpretation of the parties' obligations under the collective bargaining agreement between the State of Ohio and OCSEA. Indeed, each of Plaintiff's allegations against the OCSEA relate to the Union's failures with respect to its duty to represent him property during the grievance procedure. To the extent he intended to assert independent state law claims against the Union, the allegations made by Plaintiff require an examination of the collective bargaining agreement in order to determine whether OCSEA's conduct constituted prohibited activity under the terms governed by the agreement. Plaintiff's state law claims and assertions of unfair labor practices against OCSEA are accordingly dismissed.

### IV.

For the foregoing reasons, the Motion to Dismiss all counts of Plaintiff's Complaint filed by Defendants State of Ohio and ODYS (Doc. #6) is **GRANTED** to the extent of this Opinion and Order, and Plaintiff is granted **LEAVE TO AMEND HIS COMPLAINT** within **FOURTEEN (14) DAYS** from the date of this Order, to assert claims for prospective, equitable relief in the form of reinstatement against the individual state officials he intends to hold responsible for violations of the ADEA, FMLA and § 1981. OCSEA's Motion to Dismiss (Doc. #16) is **GRANTED**.

**IT IS SO ORDERED.**

__9-26-2006__
**DATED**

_____
**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

-18-